Nadine MCCLAM–BROWN;  Ronald H. Clarke;  Darla Johnson;  Lawrence King;  Larry McIntosh;  Constance E. Perry–Rose;  Shomide Tokunbo, Individually and on Behalf of all Persons Similarly Situated,

v.

The BOEING COMPANY Nadine McClam–Brown;  Ronald H. Clarke; Darla Johnson;  Larry McIntosh; Constance Perry–Rose;  Shomide Tokunbo, Appellants.

No. 04–3351.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 14, 2005.

Decided July 29, 2005.

Alan B. Epstein, Nancy Abrams, Spector, Gadon & Rosen, Philadelphia, PA, for Nadine MCclam–Brown;  Ronald H. Clarke;  Darla Johnson;  Lawrence King; Larry McIntosh;  Constance E. Perry–Rose;  Shomide Tokunbo, Individually and on Behalf of all Persons Similarly Situated.

M. Frances Ryan, Dechert, Philadelphia, PA, for The Boeing Company.

Before SLOVITER, McKEE and WEIS Circuit Judges.

OPINION

McKEE, Circuit Judge.

Six Boeing employees appeal the District Court's order granting Boeing sum-

mary judgment in their action under Title VII alleging racial discrimination in their employment.[1] For the reasons that follow we will affirm the District Court's decision.

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as may be helpful to our brief discussion.

Appellants first assert that the District Court "clearly usurped the province of the jury by making findings of fact and credibility determinations regarding each of the plaintiffs." They cite fourteen specific findings of fact to support their contention. However, many of the factual disputes which they claim exist on this record are not at all material to their claims,[2] and in some instances, appellants have failed to

support their position with citations to the record.[3] In addition, appellants ask us to draw inferences in their favor that are really nothing more than speculation.[4] Therefore, the fourteen findings of fact are not indicative of genuine disputes of material fact that appellants had to demonstrate to defeat Boeing's motion for for summary judgment.

Appellants also contend that the District Court failed to apply the proper legal standard for summary judgment in Title VII cases. They claim the court should have applied the test set forth in *Desert Palace v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) in determining whether race was a motivating factor in each of the plaintiffs' adverse employment actions.[5]

1. The district court's order adopted, almost verbatim, the findings of fact proposed by Boeing. Relying on *Bright v. Westmoreland County*, 380 F.3d 729, 732 (3d Cir.2004), appellants maintain that by so-doing the district court erred. We do not agree.

    Here, unlike in *Bright*, we are convinced that the district court conducted an independent review of the case. The findings of fact are replete with citations to the record, and the court heard argument from the parties before issuing its opinion. Moreover, the district court had before it appellants' response to Boeing's "Statement of Undisputed Facts." *See Lansford–Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1215–16 (3d Cir. 1993) ("While we cannot dispute that a district court's verbatim adoption of many of a party's proposed findings does not always represent a desirable practice, we are satisfied that the district court's findings here satisfy Rule 52(a) and should be upheld unless they are not supported by the evidence in the record. We note that we found no indication in the record that the district court was unfamiliar with the testimony and exhibits or that it was using the proposed findings as a crutch; if we had, we might view the matter differently. Rather, the record suggests to us that the district court's findings reflected its informed and considered views.").

2. For example, appellants aver that the evidence demonstrates that Ken Dabundo was

chosen over McClam–Brown for a supervisory position because the group's manager knew Dabundo better than McClam–Brown.

3. For example, appellants fail to cite to evidence in the record, which they claim contradicts the District Court's finding that, as part of the 1995 reduction in force, two Caucasian males were laid off and all retention 3 level employees were treated the same.

4. For example, appellants contend that the evidence contradicts the District Court's finding that McClam–Brown's lower than average wage increase in 1994 was due solely to poor teamwork and interpersonal problems in her group. Not only is this not what the District Court found, but also, the supposed contradictory evidence—that the complaints that formed the basis for her less-than-average pay increase were false—is not sufficient to create an inference that her pay raise was instead based on racial discrimination.

5. There has been much discussion among the circuit courts of appeals as to whether *Desert Palace* impacted the *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), framework. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir.2005) (concluding that *Desert Palace* has no effect on pretext cases under *McDonnell Douglas*); *Griffith v. City of Des Moines*,

Boeing argues that, given the absence of direct evidence of discrimination, the District Court correctly applied the familiar burden shifting analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In the alternative, Boeing maintains that appellants can not succeed even under the *Desert Palace* framework.

Briefly summarized, the *McDonnell Douglas* analysis proceeds in three stages. First, the plaintiff must establish a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. 1817. If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* If the defendant meets that burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are merely a pretext for discrimination. *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir.1999), *citing Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

In *Desert Palace*, the Supreme Court held that, in order to obtain a mixed-motive jury instruction, a Title VII plaintiff need not produce direct evidence of discrimination. Instead, a plaintiff may establish discriminatory animus through circumstantial evidence. 539 U.S. at 101–02, 123 S.Ct. 2148.

Here, while the District Court did not engage in a detailed legal analysis of each of plaintiffs' claims, it is clear from the court's opinion that it granted summary judgment based upon its conclusion that plaintiffs had not satisfied the third prong of *McDonnell Douglas*. *See e.g., McClam–Brown v. Boeing*, 2004 WL 1646731, at *7 (E.D.Pa. Jul.23, 2004) ("Plaintiff has not produced any evidence which either casts sufficient doubt on the defendant's legitimate non-discriminatory reasons for taking any adverse employment actions against her or which would allow a fact-finder to infer that discrimination was more likely than not a determining factor."). We need not resolve appellants' contention that the District Court should have conducted an inquiry under *Desert Palace*, rather than *McDonnell Douglas*, however, because appellants failed to produce sufficient direct *or* circumstantial evidence to cast doubt on Boeing's stated reasons for the challenged employment actions.

Accordingly, because we conclude that the District Court did not erroneously make findings of fact and credibility determinations, nor did it apply an improper legal standard in deciding Boeing's motion for summary judgment, we will affirm the court's summary judgment orders.

---

387 F.3d 733, 736 (8th Cir.2004) (concluding that *Desert Palace* has no impact on prior

Eighth Circuit summary judgment decisions).